# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

JAMES BLAKE BEESON, JR.
RICHARD SCRIVER (1/2)

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4118-SNOW

FILED by N
MAY 22 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>May 19, 2000</u>, in <u>Broward</u> county, in the <u>Southern</u> District of <u>Florida</u> defendant(s) did, (Track Statutory Language of Offense)

possession with intent to distribute methylenedioxymethamphetamine (MDMA):

in violation of Title <u>21</u> United States Code, Section(s) <u>841(a)(1)</u>

I further state that I am a(n) <u>DEA Special Agent</u> and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:   [x] Yes [ ] No

TF Nancy M. Cook
Signature of Complainant
Nancy M. Cook, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

May 22, 2000                            at Fort Lauderdale, Florida
Date                                       City and State

UNITED STATES MAGISTRATE JUDGE          Lurana S. Snow
Name and Title of Judicial Officer       Signature of Judicial Officer

## AFFIDAVIT OF TASK FORCE OFFICER NANCY COOK

I, Nancy M. Cook, having been duly sworn, do hereby state that I am a Task Force Officer with the Drug Enforcement Agency (DEA) stationed in Ft. Lauderdale, Florida.

1. During my thirteen years in law enforcement, I have participated in the investigations of individuals who have violated the narcotics laws of the United States. Over this thirteen year period, I have been involved in the arrest of several hundred individuals for violations of the State and Federal narcotics statutes. Based upon my training, experience and participation in the investigations of the distribution of narcotics in the United States, and in this investigation, I believe that there is probable cause to believe that the individual named in the attached Complaint have violated the narcotics laws of the United States. The basis of my probable cause is as follows:

2. On May 19, 2000, this Task Force Officer met with a confidential source (CS) who informed this Officer that James Blake BEESON, Jr. was supplying quantities of Ecstasy in the Atlanta, Georgia area. Further investigation revealed that BEESON resided at 2070 NE 63 Street, Ft. Lauderdale, Florida, and had a source of supply believed to be in the Fort Lauderdale/Miami area. The CS revealed to this Officer that the CS has known BEESON for at least eleven years, and that he had purchased both Ecstasy and Cocaine from BEESON in the past three months.

3. Based on this information and at DEA's direction, the CS placed a series of consensually monitored and recorded telephone calls beginning on May 16, 2000 and continuing through May 20, 2000. During those conversations, the CS and BEESON arranged to meet on May 19, 2000 in Ft. Lauderdale at which time the CS would arrange for the delivery of 100,000 hits of Ecstasy at a negotiated price of $450,000. (Numerous recorded conversations were made leading up to the May 19, 2000 meeting between the CS and BEESON.) I am not reciting every fact

-1-

regarding this investigation, but only the ones which I deem necessary and important to provide probable cause.

4. On May 19, 2000, the CS, under the direction of DEA, met with BEESON at a restaurant to finalize the transaction scheduled to take place the morning of May 20, 2000. Initially the arrangements were made to purchase 100,000 hits of Ecstasy and 62 kilograms of Cocaine. BEESON indicated at that meeting the inability to procure 62 kilograms of Cocaine, but indicated that the 100,000 hits of Ecstasy were readily available. On the morning of May 20, 2000 the CS, at the direction of DEA, met with BEESON at his residence and then traveled with BEESON to the Executive Condominium, located at 4925 Collins Avenue, Miami Beach, Florida. Upon arrival the CS and BEESON met Richard SCRIVER, the source of the Ecstasy. The three individuals traveled to a local Cigar Bar where they sat in a private room discussing the 100,000 hit Ecstasy transaction, the possibility of future cocaine transactions, and the laundering of U.S. Currency. The three were then surveilled back to SCRIVER's condominium where SCRIVER was observed handing a brown bag to BEESON, later identified as containing 2.5 kilograms of Ecstasy, approximately 100,000 hits. BEESON in turn placed the bag in the rear seat of the CS's vehicle. Both BEESON and the CS proceeded northbound on I-95 whiled followed by SCRIVER. Consensually monitored conversations between the CS, BEESON, and SCRIVER indicated that SCRIVER would follow BEESON to his Ft. Lauderdale residence where they would await a money source to purchase the 100,000 hits of Ecstasy.

5. While Northbound on I-95, DEA along with the assistance of Florida Highway Patrol, conducted a felony traffic stop on SCRIVER's vehicle at which time he was placed in custody.

Moments later, a felony traffic stop was conducted on the CS's vehicle by DEA and the Broward Sheriff's Office, at which time BEESON was placed into custody.

6. Based upon the facts and circumstances described above, I believe there exists probable cause that James Blake BEESON and Richard SCRIVER violated the narcotics laws of the United States.

FURTHER AFFIANT SAYETH NOT.

Nancy M. Cook, Special Agent
Drug Enforcemnt Administration

Subscribed and sworn to
before me this 22 day
of May, 2000.

UNITED STATES MAGISTRATE

-3-