UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6158-CR-DIMITROULEAS

UNITED STATES OF AMERICA, )
)
vs. )
)
JAMES BEESON, )
    Defendant. )
_____ )

**NIGHT BOX
JUN 1 4 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL**

### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A.  1.  Enclosed please find copies of thirteen (13) audio tapes which contain recordings of conversations had by the defendant.

    2.  The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

    3.  No defendant testified before the Grand Jury.

    4.  The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

    5.  The evidence to be introduced at trial consists of the tapes, the controlled substances and photographs, copies which are attached. Also attached are agent reports of the events.

- B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

- C.  The government will disclose any information or material which may be favorable



        on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    Attached is the criminal history for the informant in this case.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieve person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. §822 and §823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

    If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trail.

The government hereby requests that the defense stipulate to the lab report.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Date: May 20, 2000
> Place: Dade and Broward Counties

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
EDWARD R. RYAN
Assistant United States Attorney
Florida Bar No. A500053
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Telephone: (954) 356-7255, x 3514
Fax: (954) 356-7336

cc: S/A Nancy Cook, DEA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 15th day of June, 2000 to: Bruce Lyons, 600 N.E. 3rd Ave., Ft. Lauderdale, FL 33304.

_____
EDWARD R. RYAN
Assistant United States Attorney